SÉMPBE, J-,
delivered the opinion of the court. There is no offence, either at common law or under any statute, laid in the first count of the information. And the second count is not sustained by the facts proved at the trial; for they do not prove, that Webb built his mill since the 1st January 1820, but that he rebuilt an old previous^ existing mill. The judgment might have been reversed, and a new trial ordered, if the circuit court had been authorized by law to proceed by way of information. But the circuit court had no authority to proceed by way of information. The statute for regulating criminal proceedings, 1 Rev. C.ode, ch. 169, fj 65, p. 614, provides, that if on a presentment to a circuit court, the penalty exceed not twenty dollars, no information thereupon shall be filed; but a summons shall be issued against the defendant to answer the presentment; and the court shall, in a summary way, without a jury1-, hear and determine the matter of the presentment, in the form in which it shall have been made, and give judgment thereupon, according to law and the very *487 right of the case &c. Now, the penalty for the offence charged in this case is only five dollars. If the presentment itself charged the plaintiff in error with any offence, so that the circuit *court could proceed to judgment upon it according to law and the very right of the case, without regarding form or want of form, the proceedings might be reversed to the presentment, and the cause remanded to be further proceeded in. But the presentment charges no offence against Webb, and is so defective that no judgment can be pronounced upon it. The judgment, therefore, by the unanimous opinion of the court, is to be wholly reversed, and judgment entered for the plaintiff in error.

MilIs. — See generally, monographic note on "Mills and Milldams” appended to Calhoun v. Palmer, 8 Gratt. 88.